IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

In Re: ALAN TURNER, II and            CASE NO. 3:08-bk-11417E
       STEPHANIE TURNER, Debtors                          Chapter 7

STATE EMPLOYEES FCU
d/b/a SEFCU, A Federal Credit Union                                   PLAINTIFF

vs.

ALAN TURNER, II and
A. JAN THOMAS, JR., Trustee                                           DEFENDANTS

**MOTION FOR ABANDONMENT OF PROPERTY
AND FOR RELIEF FROM AUTOMATIC STAY**

Comes the plaintiff, State Employees FCU ("SEFCU"), by and through its attorneys, Barber, McCaskill, Jones & Hale, P.A., and for its Motion for Abandonment of Property and for Relief from Automatic Stay, states:

1. This Court has jurisdiction pursuant to Title 11 of the United States Code, 28 U.S.C. §157(b) and §1334 and this is a core proceeding pursuant to §157(b)(2). This motion is further authorized by FRBP Rule 4001 and is a contested matter.

2. On August 20, 2003, the debtor executed an Open-End Voucher and Security Agreement and a separate Security Agreement ("contracts") pursuant to which SEFCU loaned the debtor $24,088.50 and debtor pledged as security for the repayment of that loan one 2000 Mercedes ML320 bearing vehicle identification number 4JGAB54E2YA156138 ("vehicle"). SEFCU is the holder of said contracts. Copies of said contracts are attached hereto, made a part hereof, and

marked Exhibit "A" and "B" respectively.

3. The payment of the obligation under the contracts is secured by a security interest in the vehicle and the security interest is perfected as evidence by copy of the Arkansas Certificate of Title which is attached hereto, made a part hereof, and marked Exhibit "C".

4. In addition to a security interest in the vehicle for the balance due under the contracts, SEFCU claims a security interest in the vehicle and any unearned insurance premiums and charges for service contracts financed in the contracts, for all court costs, storage and towing charges, expenses in retaking the vehicle and attorneys' fees, together with any expenses subsequently incurred in preparing the vehicle for any sale and in conducting any sale.

5. The debtor has failed or refused to reaffirm the debt due and owing SEFCU as allowed by §524 of the Bankruptcy Code and the debtor has failed or refused to redeem SEFCU's collateral in accordance with the provisions of §722 of the Bankruptcy Code.

6. Pursuant to §554 of the Bankruptcy Code, the trustee should abandon the vehicle in that it is of inconsequential value to the bankruptcy estate. It is further alleged that the debtor lacks equity in the vehicle so as to claim it as exempt property under §522 of the Bankruptcy Code.

7. Pursuant to §554 of the Bankruptcy Code, SEFCU hereby applies for a hearing of its motion at which time the trustee should be ordered to abandon SEFCU's collateral.

8. Further, upon the entry of an order of abandonment, SEFCU should be granted relief from the automatic stay so that it may repossess its collateral. It is alleged that under the terms of the contracts secured by the vehicle, the debtor is in default having filed for protection under Chapter 7 of the Bankruptcy Code. But for the automatic stay now in place under the debtor's

Chapter 7 case, and pursuant to the terms of the contracts, SEFCU would be entitled to declare all of the payments under the contracts to be now due and payable and/or repossess its collateral.

9. Pursuant to §362 of the Bankruptcy Code, SEFCU hereby demands adequate protection of its security interest in the vehicle. Pursuant to §362(d) of the Bankruptcy Code, SEFCU hereby applies for a hearing of its motion at which the debtor should be required to provide and prove adequate protection. On the debtor's failure to provide and prove adequate protection, SEFCU should be granted an order relieving it from the automatic stay so that it may take possession of its collateral and dispose of same pursuant to the terms of the Uniform Commercial Code.

**WHEREFORE**, having applied for a hearing on its motion, SEFCU prays that the Court enter an order requiring the trustee to abandon SEFCU's collateral described above. SEFCU further prays that the debtor be required to offer and to prove that SEFCU's security interest will be protected and upon the debtor's failure to do so, prays for an order of this Court granting it relief from the automatic stay so that it may proceed to repossess its collateral and dispose of same pursuant to the terms of the Uniform Commercial Code and further prays for all other just and proper relief to which it may be entitled.

    Respectfully submitted,

    BARBER, McCASKILL, JONES & HALE, P.A.
    Attorneys for *SEFCU*
    2700 Regions Center
    400 West Capitol Avenue
    Little Rock, AR 72201-3414
    (501) 372-6175

    BY: /s/ Joseph F. Kolb
        Joseph F. Kolb    AR BIN 89153

CERTIFICATE OF SERVICE

On April 22, 2008, a copy of the foregoing pleading was transmitted electronically or mailed to:

Bart Ziegenhorn, Attorney at Law, Post Office Box 830, West Memphis, AR 71301
A. Jan Thomas, Jr., Trustee, 306 West Bond Avenue, West Memphis, AR 72301-3912

Joseph F. Kolb